IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DASSAULT FALCON JET CORP. )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE RELIABLE AUTOMATIC )<br>SPRINKLER COMPANY, INC., )<br>and PERKINS FIRE PRO, INC., )<br>)<br>Defendants. ) | Case No. 4:09-cv-00078-JMM |

### AGREED PROTECTIVE ORDER

Plaintiff, Dassault Falcon Jet Corp. ("Plaintiff"), and Defendants, The Reliable Automatic Sprinkler Company, Inc. and Perkins Fire Pro, Inc. (collectively "Defendants"), are parties to the captioned litigation, and each believes that in this action they will or may be required to disclose proprietary and/or confidential information relating to the subject matter of this litigation. Third parties may also be subpoenaed to disclose confidential information in this action relating to the subject matter of this action. The parties desire to protect such information which they or third parties believe in good faith may constitute confidential and proprietary information.

WHEREFORE, the following procedures shall be followed by the parties to facilitate the orderly, efficient and expeditious discovery of relevant information while minimizing the potential for unauthorized disclosure of confidential documents:

### I.   DEFINITIONS

1.   The terms defined in this Paragraph 1 (and, parenthetically, elsewhere) shall, throughout this Order, have the meanings here (and there) provided. Defined terms may be used in the singular or in the plural.

 1.1 "Designating Party" means the party or non-party designating any information which it either produces, is asked to produce or whose information is sought from or produced by any other person, as "Confidential."

 1.2 "Receiving Party" means the party receiving or requesting production of Confidential Information.

 1.3 "Confidential Information" means (a) any information, whether or not embodied in any physical medium, used (or commercially scheduled to be used) by the Designating Party in or pertaining to its trade or business that the Designating Party believes in good faith is not generally known in the Designating Party's trade or (b) is of a particularly competitively sensitive nature and is not known to the Receiving Party. Any summary, compilation or copy of any Confidential Information shall also constitute Confidential Information.

 1.4 "Termination" means the dismissal, whether with or without prejudice, or settlement of an action, or entry of final judgment in an action and the expiration of all periods of time to appeal or seek judicial review of such judgment.

## II. SCOPE AND INTERPRETATION OF THIS ORDER

 2.1 This Order shall be applicable to, and shall govern: (a) all requests for production of documents and things; (b) depositions; (c) interrogatories; (d) requests for admissions; (e) any other discovery; (f) court filings and testimony; and (g) any other letters, communications, mailings or other exchanges of information or presentation of evidence in this action not otherwise identified by the preceding descriptions in this Paragraph 2.1.

2.2  This Order shall not be construed: (a) to prevent or to authorize any party or its respective counsel from using, in the ordinary course of its business, information that falls within the definition of Confidential Information under Paragraph 1.3, which information was in its possession, independently of receipt of the information from the Designating Party, prior to entry of this Order or prior to the designation of that information as Confidential Information by the Designating Party pursuant to this Order; (b) to apply to information which is or becomes publicly known through no fault of the Receiving Party; or (c) to apply to information which the Receiving Party (or its counsel) has, prior or subsequent to the date of receipt of the information from the Designating Party, obtained from a third party, as to whom the Receiving Party (or its counsel) has, no reasonable basis to believe that the third party is in breach of any duty of confidence to the Designating Party with respect to that information or shall independently develop.

2.3  All matters designated by a Designating Party as Confidential Information in accordance with this Order shall be used solely for the purposes of this action. It may not be used for any business or commercial purpose (except as is contemplated at Paragraph 2.3) or for any other litigation or alternative dispute resolution procedure, except by written agreement between the Designating Party and the Receiving Party or upon an order by this Court after reasonable notice and a hearing, at which the Designating and Receiving Parties shall have an opportunity to be heard.

2.4  A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time it is made, and not doing so at that time shall not waive its right at any time during which this Order shall be in effect to request the Court to determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.

In the event a party disagrees at any stage of these proceedings with the Designating Party's designation of Confidential Information, the parties shall first try to jointly dispose of such dispute in good faith. If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from this Court, and the Designating Party shall have the burden of proving that the information is then entitled to be treated as Confidential Information for the purposes of this Order.

2.5   The designation by a Designating Party of any document, thing, or information as Confidential Information pursuant to this Order shall be made in good faith. Treatment by opposing counsel in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary or confidential information of any other party. The designation of information as being Confidential Information, pursuant to this Order, shall not, in substantive proceedings in this action, excuse or relieve the Designating Party from the burden of proof imposed by the relevant substantive law.

2.6   This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

2.7   It is expressly contemplated, agreed and ordered that third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Protective Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as Confidential in accordance with the terms of this Protective Order.

### III. DESIGNATION OF CONFIDENTIAL AND CONFIDENTIAL INFORMATION

3.1  Documents and things to be inspected shall be treated as Confidential Information during inspection. At the time of copying for a Receiving Party, a document or thing that a Designating Party asserts contains Confidential Information shall be marked "CONFIDENTIAL." Failure to so mark a document or thing in accordance with this Order shall not preclude any party desiring to so designate the document or thing thereafter from, in good faith, marking the document or thing and requesting, in writing, the Receiving Party to so mark and treat the document or thing in accordance with this Order, provided the party proceeds promptly after discovery of any omission of the "CONFIDENTIAL" marking. Thereafter, the document or thing shall be fully subject to this Order. Neither party shall incur liability for any disclosures made prior to notice of such designations.

3.2  No person other than the individuals expressly authorized in Paragraphs IV or V shall be permitted to attend any deposition, hearing or trial (unless the Court shall order otherwise) during the disclosure or discussion of Confidential Information (insofar as authorized by Paragraph IV). This provision shall not act as a bar to attendance at such proceedings by any person during the disclosure of other information.

### IV. USE AND/OR DISCLOSURE OF CONFIDENTIAL INFORMATION

4.1  The Receiving Party, and its counsel, shall not, directly or indirectly, in whole or in part, disclose or make available for inspection or copying any designated Confidential Information to any person, except those persons set forth in Paragraphs 4.2 through 4.7.

4.2  The Court and its personnel, any jury empanelled in this action and any other person, such as a court-appointed and/or party-designated special master, who may serve in a judicial or quasi-judicial function.

4.3     A professional court reporter or videographer engaged to transcribe or record testimony in this action.

4.4     Any individual who is a party of record in this action as of the date of entry of this Order and any employees of a corporate party who have direct responsibility for assisting in the preparation and trial of this action.

4.5     Outside counsel of record providing active assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel).

4.6     Outside experts providing assistance with this litigation.

4.7     During the course of a deposition, to the person whose deposition is being taken, provided that the counsel questioning the deponent has a good faith basis for reviewing a particular document with the deponent, or that the deponent is indicated on a document embodying the information as being an author, source or recipient of the document or information.

## V.    USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS

5.1     Upon the good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information, any person not entitled under the pertinent provision of Paragraph IV to access to Confidential Information shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court, and the Confidential disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, with respect to Confidential Information, in Paragraph IV.

5.2     Information disclosed at the deposition of the Designating Party or its present or former officers, directors, employees, agents or independent consultants may be designated as Confidential Information either (a) on the record at the deposition, or (b) by serving a written notification on the other parties and any involved deponent (other than a party or an employee of a party) within twenty (20) business days of receipt of the transcript by counsel for the Designating Party, as described below.

5.3     All transcripts of deposition and deposition exhibits, and all information adduced in deposition, shall, in their entirety, be treated as Confidential Information for a period of thirty (30) business days after such transcripts and exhibits are actually received by counsel for each party. The Designating Party may, within the time period prescribed in Paragraph 5.2, specifically designate information contained in the transcript and exhibits as Confidential Information, whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit which contain such information. Each party shall attach a copy of such written statement to the face of each copy of the transcript or exhibit in the party's possession or under its control. Thereafter, these portions of the transcript designed as "Confidential" shall be treated in accordance with the terms of this Protective Order.

## VI.   DESIGNATED CONFIDENTIAL INFORMATION AND COURT PROCEEDINGS OR FILINGS

6.1     All documents filed with the Court and designated as containing Confidential Information shall be filed in a sealed envelope (or other appropriate sealed container), which shall be endorsed with the title of the action, the words "CONFIDENTIAL " and/or "UNDER SEAL" and a statement in substantially the following terms:

> "This envelope contains [indication of the nature of the contents] which were filed in this Action: *Dassault Falcon Jet Corp. v. The Reliable Automatic Sprinkler Company, Inc., et al.*,

> **by [name of party], and is not to be opened or the contents thereof to be displayed or revealed, except by further order of the Court."**

## VII.   TERMINATION OF THIS ACTION

7.1   Within thirty (30) days after the Termination of this action, the original and all copies of each document and thing produced in discovery and, other than attorney work product, any notes, summaries, abstracts or portions of any such document or thing, including copies given to any expert or other person pursuant to this Order, which contains Confidential Information, shall (unless contrary to the Court's rulings in this Action) be returned to counsel for the Designating Party or, at the option of the Designating Party, destroyed by the party in possession.   If the Designating Party elects to have the party in possession destroy documents embodying or reflecting Confidential Information, the party in possession shall, within thirty (30) days of termination, certify to the Designating Party in writing that such destruction has been completed.

7.2   Insofar as the provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to be binding after the Termination of this action, and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement.

## VIII.   MISCELLANEOUS

8.1   If any authority subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the information until the Designating Party has had reasonable time to object or take other appropriate steps to protect the information.

8.2     If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity. The receiving party or parties shall return to the producing party such document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production.

8.3     This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

8.4     Any party designating persons to receive information hereunder shall have the duty to reasonably ensure that each such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of each such person to observe the terms of this Order.

8.5     When any attorney of record in this action becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report to the Designating Party that there may have been a violation of this Order.

8.6     Execution and entry of this Order shall not prevent a party to this action from seeking upon application to this Court to modify this Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

IT IS SO ORDERED.

SIGNED this 10 day of June, 2009

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

_____
T. Scott Clevenger (ABN 85027)
CLEVENGER & RAY, PLLC
124 W. Capitol Avenue, #860
Little Rock, AR 72201
501.376.9100 – Telephone
501.376.9200 – Facsimile
sclevenger@clevengerlawfirm.com


Mitchell E. McCrea
Ross Cunningham
ROSE WALKER, L.L.P.
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
214.752.8600 – Telephone
214.752.8700 – Facsimile
mmccrea@rosewalker.com
rcunningham@rosewalker.com

**ATTORNEY FOR PLAINTIFF**


_____
Thomas W. Fee
Scott W. Self
Fee, Smith, Sharp & Vitullo LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972.934.9100 – Telephone
972.934.9200 – Facsimile
tfee@feesmith.com
sself@feesmith.com


Thomas G. Williams
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201

501.379.1700 – Telephone
twilliams@qgtb.com

**ATTORNEYS FOR DEFENDANT
THE RELIABLE AUTOMATIC SPRINKLER COMPANY, INC.**

_/s/ Ken McCulloch_
Robert Kenny McCulloch
Barber, McCaskill, Jones & Hale, P.A.
400 West Capitol Avenue, Suite 2700
Little Rock, AR 72201-3414
501.707.6133 – Telephone
rkmcculloch@barberlawfirm.com

**ATTORNEYS FOR DEFENDANT
PERKINS FIRE PRO, INC.**